## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

Civil Action No. 07-185-HRW

JEREMY RAINS,                                                   PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current applications for disability insurance benefits and supplemental security income benefits on January 11, 2005 , alleging disability beginning on May 3, 2004, due to. These applications were denied initially and on reconsideration.

On February 28, 2006, an administrative hearing was conducted by

Administrative Law Judge Joan Lawrence (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified.  At the hearing, James Miller, a vocational

expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 17, 2006, the ALJ issued her decision finding that Plaintiff was not disabled.

Plaintiff was 27 years old at the time of the hearing decision. He has a high school education. His past relevant work experience consists of work as an office clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffered from lumbar disc herniations at L4-5 and L5-S1, spina bifida in the lumbar spine, disc herniation at C3-4 without nerve root impingement, structural defect at L4-5 with tethered spinal cord, congenital contractures of the right long ring and small fingers with generalized congenital atrophy of the right arm, which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19).

The ALJ further found that Plaintiff could return to his past relevant work as well as a limited range of light work (Tr. 19-20).

The ALJ finally concluded that these jobs exist in significant numbers in the

3

national and regional economies, as identified by the VE (Tr. 21-22).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on April 5, 2007 (Tr. 7-

9).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision. Both parties have filed Motions for Summary Judgment

[Docket Nos. 5 and 6] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health

and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

4

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ erred by not giving controlling weight to the opinions of his treating physicians, Dr. J.M. Watts and Dr. William Brooks.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Watts completed a Functional Capacities Form on February 4, 2004, in which he opined that Plaintiff had extreme physical limitation (Tr. 325). For example, Dr. Watts' opined that Plaintiff could never bend, squat, crawl, climb or reach above shoulder level. However, this opinion is not supported by Dr. Watts'

5

treatment records from before or after he completed the aforementioned form. Although his records contain references to spina bifida and Plaintiff's subjective complaints of pain relating to the same as well as notations regarding back pain, there are few objective findings and no diagnostic testing.

Moreover, Dr. Watts' assessment of severe functional impairment is inconsistent with the other objective evidence of record.

As for Dr. Brooks, the record is devoid of any limitations on activity prescribed by him.

Both Dr. Watts and Dr. Brooks provided statements describing Plaintiff as disabled (Tr. 264, 330). The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the functional capacity to perform work activity. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Given the lack of supporting objective data, the Court finds that the ALJ did not err in discounting the opinions of Dr. Watts and Dr. Brooks.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

6

on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant

will be entered contemporaneously herewith.

     This   __3__   day of January, 2008.

                                      HENRY R. WILHOIT, JR.
                                      SENIOR U.S. DISTRICT JUDGE